CAMMEYER and others *v.* THE CORPORATION OF THE UNITED GERMAN LUTHERAN CHURCHES and others.(*a*)

In a mixed (German and English) Congregation of a German Lutheran Church, one party cannot, on the resignation of its particular pastor, agree with another church that it may bring in its pastor and congregation as a body corporate, with its church establishment. They may invite a minister and individuals to attend and so increase their number.

AN injunction had been granted restraining the defendants, the corporation of the United German Lutheran churches in the city of New York, its officers, &c., from selling or leasing St. Matthews Church, and from disturbing or molesting the English Lutheran congregation of the said church in the use thereof, and from worshipping therein in like manner as the said English congregation were in the habit of using the same and worshipping therein at the time of the filing of the bill, until the further order of the court.

*Jan.* 30 *and* 31, 1843.

*Church. Religious Corporation.*

A demurrer to the bill was pending.

A petition was now presented by the defendants. the corporation. It showed (after mentioning the injunction) that the manner in which the English part of the congregation was in the habit of using the said church and worshipping therein at the filing of the bill was as follows, that is to say certain persons hired by the year, from the agent of the corporation, the use of pews and seats in the said church and regularly paid rent therefor to such agent, and such persons, denominating themselves the English congregation of the said church, attended, with or without families, on Sunday afternoons when service was performed in the English tongue by the Reverend Mr. Geissenhainer. That, at the time of filing the bill, the corporation, in all other respects than as above specified, had the absolute and exclusive use, possession and enjoyment of the church and its appurtenances ; and that, at the time of the filing of the bill, the cor-

(*a*) For a full particular of this case on the merits, see 2 Sandford's V. C. Reports, 186.

poration did bear and pay all the charges and expenses of maintaining divine worship in the said St. Matthews Church of every kind and description, including the salaries of all servants and officers, save and except only the maintenance or recompense of the minister of the said English congregation ; and that the said defendants, the congregation, had continued to bear and pay such costs and expenses with the exception aforesaid.   That the said English corporation had been gradually but regularly declining for some time prior to the filing of the bill ; and that the same congregation continued to decline thereafter until the same had been reduced to an extremely small body.   That, as the petitioners had been informed and believed, the minister of the said English congregation, namely, the Reverend Frederick W. Geissenhainer, had retired from the alleged pastoral charge thereof, having, on Sunday afternoon, preached his farewell sermon in the said St. Matthews Church.   That, although the said complainants, Augustus T. Cammeyer and others of the said English Lutheran congregation, had, ever since the commencement of this suit, refused to pay any pew rent and nevertheless continued to occupy pews in the said church for the purpose of attending the English service on Sunday afternoons, yet the petitioners, from respect to the order and injunction of the court, had not interfered with such occupation.   That they were not certainly informed whether or not the said the Reverend Frederick W. Geissenhainer consented to relinquish his alleged pastoral charge of the said English congregation or not or whether he had been required to resign and yield up the same by the said persons constituting the so called English Lutheran congregation of St. Matthews Church.   That, as the petitioners were informed and believed, the said persons called the English congregation or some of them, including several of the complainants in the suit, had recently agreed with the congregation of a church edifice in Orange street, called St. James Church, that they, the said congregation of the said St. James Church, should transfer their church establishment and worship to the said St. Matthews Church—as well their congregation as their minister, organist, choristers and other officers— and should form, together with St. Matthews Church, one

consolidated and united congregation to worship in the latter church on Sunday afternoons in the English tongue under the pastoral charge of the Reverend Mr. Martin, who had, for some time past, been the minister of the said St. James Church. Also, that it was contemplated and intended by the said English congregation to admit the said congregation and church establishment of the said St. James Church into St. Matthews Church according to their said arrangement for that purpose on Sunday afternoon then next and regularly thereafter; and that the said congregation of St. James Church were about to shut up and dispose of their said church. That the said congregation of the said St. James Church had not, nor had any of them hired pews or seats in the said St. Matthews Church, but, as the petitioners were informed and believed, designed to enter the said St. Matthews Church and enjoy the use and benefit thereof without paying pew rent or otherwise regarding the rights and interests of the petitioners therein, under color and pretence of being authorized so to do by the injunction aforesaid—whereas, the petitioners respectfully insisted that the said minister and congregation of St. James Church were not nor was any of them entitled to any right or benefit under the said injunction. That, being in full possession of the said St. Matthews Church and having all the officers thereof under their direction and control, it was practicable to resist and prevent the entrance thereunto of any persons not authorized by the injunction to use the same; but that, being bound by such injunction to permit the English congregation to worship therein on Sunday afternoons, and it being unusual to prevent any persons, even casual passers-by, from entering churches on Sunday and participating in divine worship, much difficulty existed in the exercise of such right of exclusion by the petitioners, whilst the said injunction remained in force, except under the express order and sanction of the court: *Prayer*, for a writ of injunction against the complainants, restraining them from using or causing to be used for divine service on Sunday afternoons the said St. Matthews Church by any persons except the alleged English Lutheran congregation mentioned in the

prior injunction or an order to that effect or for such other or further order, &c.

The affidavits, used in opposition, did not go to contradict the statements in the petition, but they set forth a resolution which passed in the vestry in the year one thousand eight hundred and thirty-nine: " Resolved, That the Lutheran congregation of St. James's having expressed their wish to re-unite themselves with the English congregation of St. Matthews Church, we will endeavor to make such arrangements for that purpose, as far as that can be done for the benefit of our respective congregations." Also, that as the state of things presented a desirable opportunity to build up the English congregation according to the said resolution, the vestry of St. Matthews did invite the pastor of the church of St. James to officiate for them in St. Matthews Church and did also invite his congregation to worship with the English congregation of St. Matthews in the said church on the said occasions, which invitations had been accepted, both by the pastor and by the said congregation—and, consequently, the said congregation intended to worship on the mornings and evenings of each Sunday in their own church and on Sunday afternoons in St. Matthews Church.

Mr. *O'Conor*, in support of the petition.

Mr. *Anthon*, contra.

THE VICE-CHANCELLOR :—The complainants have a right and are at liberty to employ another minister in the place of the Reverend Mr. Geisenhainer to preach for them in the English language at St. Matthews Church and to invite individuals of any denomination to attend church services there and thus obtain an accession of numbers to their own persuasion and faith and so increase their congregation. But they have no right and cannot be allowed to enter into an agreement with St. James Church—another and distinct corporation, although of the German Lutheran creed—to transfer the minister and congregation of St. James's, as a body corporate, with its church establishment, to St. Mat-

thews, for public worship in the latter place. This would be placing St. Matthews Church under and subject to the church government of another body foreign to its own.

1843.

CAMMEYER
v.
THE GERMAN
LUTHERAN
CHURCHES.

*Order :* That the complainants and each of them be and they are hereby enjoined against bringing in or causing or permitting to be brought into St. Matthews Church in Walker street, the church establishment and corporation of St. James Church, with the officers and church government of St. James Church as a body corporate for the purposes of worship therein when the services are allowed to be in the English tongue. Provided, however, that nothing herein contained shall restrain or prevent the said English corporation from procuring the ministration of any proper clergyman of the German Lutheran persuasion, on Sunday afternoons in the said church or from permitting, in the ordinary and usual manner, the union with such English congregation in divine worship in the said church of any individuals who may, in their individual capacity, become members of the said St. Matthews Church or entitled to pews or seats therein, or who may choose to attend divine worship therein, whether they become members thereof or not.